| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO<br><br>Court Address: 7325 S. Potomac St., Centennial, CO 80112 | DATE FILED: November 9, 2022 5:29 PM<br>FILING ID: C5CB66EF58206<br>CASE NUMBER: 2022CV32100 |
| Plaintiff:  **KATHLEEN PISANO**<br><br>v.<br><br>Defendant:  **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | ▲COURT USE ONLY▲ |
| *Attorney for Plaintiff:*<br>Laurence M. Schneider, #34183<br>LARSON LARIMER SCHNEIDER PC<br>9605 S. Kingston Ct., Ste. 250<br>Englewood, CO 80112<br>Phone: (303) 221-0039<br>Fax: (303) 221-4924<br>Email: lschneider@injurylaw.co | Case No.:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Kathleen Pisano, through her attorney, LARSON LARIMER SCHNEIDER PC, submits this Complaint and Jury Demand against Defendant State Farm Mutual Automobile Insurance Company, and alleges and avers as follows:

## GENERAL ALLEGATIONS

1. At all times relevant to this action, Plaintiff Kathleen Pisano. was an "insured" under an insurance policy issued to it by Defendant and was insured for underinsured motorist coverage (UIM).

2. Defendant is an insurance company doing business in the state of Colorado with its principal place of business in Madison, Wisconsin.  Defendant is a non-resident of the State of Colorado.

**EXHIBIT**

A

3. Venue is proper in this Court Pursuant to C.R.C.P. 98(c)(1).

4. On November 14, 2019, Plaintiff was involved in a multi vehicle collision in Aurora, Colorado.

5. Isaiah Samuels, the at fault driver, was driving a 2008 Honda CR-V which struck a vehicle driven by Janna Morley.

6. Ms. Morley's vehicle was then pushed into Ms. Pisano's vehicle.

7. Ms. Pisano was at a stop when she was struck from behind and incurred injuries damages and losses. Ms. Pisano is permanently injured as a result of the crash.

8. Ms. Pisano was insured by Defendant with an insurance policy that included underinsured/uninsured motorist coverage.

9. Ms. Pisano provided medical records and bills for evaluation by Defendant on December 3, 2020.

10. Supplemental records and bills were sent to Defendant on January 28, 2021.

11. On March 17, 2021, Defendant sent correspondence offering Ms. Pisano $5,916.55. Following this offer Ms. Pisano requested a detailed breakdown of the offer.

12. Defendant provided a breakdown on April 5, 2021.

13. On July 15, 2021, Defendant requested an IME with Dr. Chen. Defendant failed to clear the IME date with Plaintiff or her counsel and the IME had to be rescheduled to a mutually agreeable date.

14. The IME was completed on the report provided on October 28, 2021.

15. After the IME Defendant increased their offer to $35,021.55. Plaintiff requested an impasse payment or undisputed amount payment; however, Defendant failed to provide any payment.

16. After additional treatment and providing additional records and bills, Defendant increased their offer to $75,000.

17. Defendant's IME noted that Ms. Pisano had an unrelated aneurysm. Ms. Pisano went to her primary medical care provider and was referred to a cardiologist. The cardiologist recommended that this be investigated. During this procedure Plaintiff had a stroke and was hospitalized and had significant care.

18. But for Defendant failing to consider the aneurysm being related to the crash Plaintiff would not have had treatment which resulted in her stroke.

19. The IME also noted that Ms. Pisano needed follow-up neuropsychological testing which was completed and provided to Defendant.

20. The neuropsychological testing support Plaintiff's closed head injury and permanent impairment.

21. On September 2, 2022, Defendant finally made a payment to Plaintiff for $3,416.55; even though Defendant evaluated Plaintiff's claim at $75,000.

22. Ms. Pisano has significant injuries, damages, and losses including memory loss, stroke with weakness, and spinal complaints.

### PLAINTIFF'S FIRST CLAIM FOR RELIEF
(Breach of Contract)

23. Plaintiff incorporates all previous allegations as if more fully set forth herein.

24. Defendant breached its contractual obligations to Plaintiff by failing to pay Plaintiff for her injuries, damages and losses.

25. Plaintiff has fully complied with all contractual obligations under the insurance policy issued by Defendant to Plaintiff.

26. To the extent that Plaintiff has failed to comply with any of the contractual obligations, Defendant has not been prejudiced by this failure to comply.

27. To the extent that Plaintiff has failed to comply with any of the contractual obligations, Defendant may not rely on this failure to comply because it breached one or more material obligations under the policy prior to any alleged failure to comply by Plaintiff.

28. Every contract in Colorado contains an implied duty of good faith and fair dealing and the parties to the agreement must perform their contractual obligations in good faith and in a reasonable manner.

29. Defendant breached its implied duty of good faith and fair dealing.

30. As a direct and proximate result of Defendant's breach of contract, Plaintiff has been damaged in an amount to be proved at the time of trial, including but not limited to all damages which were the foreseeable result of a breach of contract, including but not limited to damages for her medical bills, wage loss, permanent impairment and damages for emotional distress and loss of enjoyment of life.

**PLAINTIFF'S SECOND CLAIM FOR RELIEF**
**(Breach of Implied Duty of Good Faith and Fair Dealing)**

31. Plaintiff incorporates all previous allegations as if more fully set forth herein.

32. As providers of insurance services to the public, Defendant at all times had a duty to be actuated by good faith and fair dealing in everything pertaining thereto, abstain from deceptive or misleading practices, and keep, observe, and practice the principles of law and equity in all matters pertaining to the business of insurance.

33. Under Colorado law, every insurance contract contains an implied covenant of good faith and fair dealing that imposes on insurers a duty to act in good faith in their dealings with

their insureds. Pursuant to its implied duty of good faith and fair dealing, Defendant owed to Plaintiff an obligation to treat Plaintiff's interests with equal consideration to their own interests.

34. Pursuant to Defendant's obligation of good faith and fair dealing, Defendant had the duty to diligently search for evidence which supported their insureds' claims when investigating Plaintiff's claims.

35. As part of Defendant's implied obligation of good faith and fair dealing to Plaintiff, Defendant owed Plaintiff the duty to not try to seek and discover only evidence that defeats their insureds' claims.

36. Defendant breached its implied covenant to Plaintiffs of good faith and fair dealing by, including but not limited to:

    a. Failing to give equal consideration to the interests of Plaintiff, its insured;
    b. When investigating Plaintiff's claims, failing to diligently search for evidence which supported their insured's claims;
    c. Seeking to discover only evidence that defeated their insured's claims;
    d. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under their insurance policies;
    e. Refusing to pay claims without conducting a reasonable investigation based upon all available information;
    f. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;
    g. Compelling Plaintiff to institute litigation to recover amounts due under the insurance policy by offering substantially less than the amounts Plaintiff is entitled to recover;
    h. Forcing Plaintiff into the costly and lengthy process of litigation;
    i. Any further acts which may be discovered.

37. Defendant's aforesaid conduct was unreasonable and Defendant either knew said conduct was unreasonable or recklessly disregarded the fact that the conduct was unreasonable.

38. As a direct and proximate result of Defendant's breach of its duty of good faith and fair dealing, Plaintiffs have sustained damages in an amount to be proved at the time of trial.

## PLAINTIFF'S THIRD CLAIM FOR RELIEF
(Willful and Wanton Breach of Contract against Defendant)

39. Plaintiff incorporates all previous allegations as if more fully set forth herein.

40. Defendant's conduct, as aforesaid, was willful and wanton.

41. Defendant intended to breach the insurance contract and did so without any reasonable justification.

42. Insurance contracts in Colorado are unlike ordinary bilateral contracts. The motivation for entering into an insurance contract is different because insureds enter into insurance contracts for the financial security obtained by protecting themselves from unforeseen calamities and for peace of mind, rather than to secure commercial advantage.

43. The insurance contract, by its very nature, clearly indicated that damages for non-economic loss or injury or for derivative non-economic damages were within the contemplation or expectation of the parties.

44. As a direct and proximate result of Defendant's willful and wanton breach of contract, Plaintiff has sustained damages in an amount to be proved at the time of trial.

## PLAINTIFFS' FOURTH CLAIM FOR RELIEF
(Violation of C.R.S. § 10-3-1116(1))

45. Plaintiff incorporates all previous allegations as if more fully set forth herein.

46. Defendant has continued to deny payment of benefits to Plaintiff under the insurance contract.

47. Defendant's denial of Plaintiff's claims for benefits is unreasonable.

6

48. Pursuant to C.R.S. § 10-3-1116(1), Plaintiffs are entitled to reasonable attorney's fees and two times the covered benefit.

WHEREFORE, Plaintiff prays for judgment against Defendant on all claims in an amount to be proved at the time of trial, interest at the highest rate allowed by law, costs, expert witness fees and such further relief as this Court may deem just and proper.

WHEREFORE, Plaintiff Kathleen Pisano demands judgment against Defendant State Farm in an amount to be determined at trial by the trier of fact for her injuries, harms, damages, and losses as set forth above, special damages, costs, deposition costs, expert witness fees, attorneys' fees, filing fees, pre- and post-judgment interest, and such other further relief as the Court may deem appropriate, just, and proper.

## JURY DEMAND

Plaintiff demands a trial to a jury of six (6) on all issues so triable.

Respectfully submitted this 9th day of November, 2022.

LARSON LARIMER SCHNEIDER PC

By: s/ Laurence M. Schneider
Laurence M. Schneider, #34183
9605 S. Kingston Ct., Suite 250
Englewood, CO 80112
*Attorney for Plaintiff*

Plaintiff's Address:
3665 S. Halifax Way
Aurora, CO 80013

*In accordance with C.R.C.P. 121 §1-26(7), a printed or printable copy of this document with original or scanned signatures is being maintained by the filing party and will be made available for inspection by other parties or the court upon request.*